{¶ 23} I dissent. The majority dismisses this appeal as not representing a final appealable order on essentially two grounds: first, because the trial court allegedly failed to make a finding of guilt or innocence on one of the counts, and second, because the court failed to create a separate entry of sentencing for each and every count for which appellant was placed on community control sanctions. The majority's decision in this matter raises issues not argued by either party, finds facts contrary to the consensus of the parties, and, further, serves only to elevate form over substance.
 THE VERDICT {¶ 24} The majority's first finding is that the trial court, after a bench trial upon a three-count indictment, said at its conclusion, "I have considered all the evidence carefully and I'm going to find the defendant guilty of both counts of the indictment." (Emphasis added.) The contemporaneous journal entry reflects findings of guilt upon all three counts of the indictment. Despite well-established precedent that a court speaks through its journal entry, and depending solely upon the hearing and interpretation by a court reporter of one word, the majority concludes that no verdict was returned on one count — that count unknown — and hence, that there is no final appealable order.
 {¶ 25} Curiously, however, neither the State nor appellant contend that appellant was not convicted of all three counts. In fact, appellant concedes in his Statement of Facts that he was found "guilty as charged in the indictment." Moreover, it is likely that the court's reference to "both" counts of the indictment meant that the trial court found appellant guilty of the two related counts of felonious assault and one count of possession of criminal tools. In light of this ambiguity, the parties' agreement that appellant was tried and convicted as indicted, and the journal entry which reflects findings of guilt on all three counts, the majority's conclusion that appellant was not convicted of all three counts is disingenuous.
 {¶ 26} At the conclusion of its opinion, the majority "reminds" the trial court that "at the conclusion of trial, by failing to pronounce on the record its findings as to all three counts of the indictment in the defendant's presence, the trial court violated Crim. R. 43(A)." (Emphasis sic.) The majority then cites State v. Henson, Champaign App. No. 2002 CA 21, 2003-Ohio-4426, at ¶s 7-9, as the basis for this "reminder." Neither Crim. R. 43(A) nor Henson, however, say that which the majority claims.
 {¶ 27} Crim. R. 43(A) states:
 {¶ 28} "The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes." Not a word is found in this rule about "pronouncing matters upon the record."
 {¶ 29} Neither does Henson stand for the proposition stated by the majority. Henson simply states that a defendant has a right under Crim. R. 43 to be present when his sentence is imposed. That is not the issue involved in this case.
 THE SENTENCE {¶ 30} The majority cites three cases and one criminal rule for its conclusion that the trial court's failure to journalize separate entries for each count upon which it imposed community control sanctions means there is no final appealable order.
 {¶ 31} The majority first cites State v. Garner, Trumbull App. No. 2002-T-0025, 2003-Ohio-5222, a Trumbull County case that has never been cited by another court since it was decided. While I concede that its holding supports the position of the majority, it is not binding upon this court and its reasoning is flawed and wholly unpersuasive.
 {¶ 32} The majority then cites State v. Collins (Oct. 18, 2003), Cuyahoga App. No. 79064, which does not apply to the issue at hand. InCollins, the issue involved a prison sentence on two different counts and an entry that failed to note whether the counts were to be served concurrent with or consecutive to each other.
 {¶ 33} Finally, the majority cites State v. Hicks (Jan. 21, 2005), Cuyahoga App. No. 84418. The majority quotes Hicks as stating, "Crim. R. 32(C) imposes a mandatory duty on the trial court to set forth the plea, the verdict or findings, and the sentence for each and every criminal charge prosecuted." Despite the wishes of the majority and the holding ofHicks, that is not what Crim. R. 32(C) says.
 {¶ 34} Crim. R. 32(C) states:
 {¶ 35} "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." Clearly, the creation of a "mandatory duty" to set forth the verdict or finding and the sentence for "each and every criminal charge" does not come from the wording of Crim. R. 32(C).
 {¶ 36} I find that the court appropriately rendered and journalized a verdict as to all three counts of the indictment and I further find no legal authority requiring the court to journalize a separate, identical order of community control sanctions as to each and every count. This is a final appealable order and I would proceed to the merits of the appeal.